IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRYPHENA E. SANTIAGO, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WERNER ENTERPRISES, )<br>    Defendant. ) | Civil Action No. 18-341Erie<br><br>District Judge Baxter |

**MEMORANDUM OPINION**

This civil rights action was filed in this Court on October 29, 2018. Plaintiff, acting pro se, sought leave to proceed in forma pauperis. Plaintiff's request was granted and her complaint was filed. Plaintiff alleges that her civil rights were violated when she was sexually harassed and repeatedly sexually assaulted by employees of Defendant Werner Enterprises, a trucking company, during her employment. ECF No. 3.

Since the filing of this case several months ago, every Order of this Court has been mailed to Plaintiff at the address of record listed on the docket and supplied by Plaintiff herself. Each of these Orders has been returned to the Court marked "Not deliverable as addressed, unable to forward." See ECF No. 5, 11, 12, and 15.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case due to failure to prosecute is appropriate. Hildebrand v. Allegheny County, ___ F.3d ___, 2019 WL 1783540 (3d Cir. Apr. 24, 2019) quoting Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than

1

dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at *3, quoting Poulis, 747 F.2d at 868.

Applying the Poulis factors to the present matter, this Court will dismiss. As of this date, Ms. Santiago has not done anything to prosecute her case besides filing her complaint in October of last year. The home address she provided has proven to be invalid and so every Order issued by this Court has been returned as undeliverable. Because she has not received any Order, Ms. Santiago has not complied with any Order of this Court. It is a plaintiff's obligation to provide this Court with a current address in order to prosecute his or her case. Ms. Santiago is proceeding *pro se* and therefore bears personal responsibility for this failure in the prosecution of her claims. Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). Alternative sanctions, such as monetary penalties or attorney's fees, are generally inappropriate with indigent parties like Ms. Santiago. Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002).

This Court finds that two of the Poulis factors, as described above, weigh in favor of dismissal based on Ms. Santiago's failure to prosecute. Although it is possible that Ms. Santiago's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings and so this factor is neutral. The other three Poulis factors (the prejudice to the opposing party, the history of dilatoriness, and whether the conduct was willful or in bad faith) are also neutral as this case is in its infancy and there is no basis upon which to make any such findings.

So then, two of the six Poulis factors weigh in favor of dismissal, while four of the six are neutral. Not all of the six Poulis factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Here, the bottom line is that without Plaintiff's correct address and her participation in the prosecution of her complaint, this case

cannot proceed. Accordingly, this case will be dismissed due to Plaintiff's failure to prosecute. This dismissal will be without prejudice.

    An appropriate Order follows.